UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SMITH ROOFING AND SIDING, L.L.C., an Idaho limited liability company,<br><br>        Plaintiff,<br>v.<br><br>GLEN SMITH, an individual; and SMITH ROOFING LLC, an Idaho limited liability company,<br><br>        Defendants. | Case No. 4:23-cv-00310-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff Smith Roofing and Siding, L.L.C.'s ("Plaintiff") Motion for Sanctions. Dkt. 22. Defendants Glen Smith and Smith Roofing LLC ("Defendants") failed to respond to the Motion for Sanctions. Having reviewed the Motion and record, the Court finds the facts and legal argument are adequately presented. Accordingly, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, Plaintiff's Motion for Sanctions is GRANTED.

## II. BACKGROUND

The Court outlined the factual and procedural background of this trademark infringement case in prior orders (Dkt. 12; Dkt. 13) which are incorporated by reference.

For purposes of Plaintiff's Motion for Sanctions, the following facts are pertinent.

After Defendants failed to answer Plaintiff's Complaint—or to ever participate in this matter—the Court entered Default Judgment ("Judgment") in favor of Plaintiffs on March 26, 2024. Dkt. 13. In addition to awarding Plaintiff its attorneys' fees, the Judgment permanently enjoined Defendants from: (1) utilizing the name "Smith Roofing," and any and all other acts of trademark infringement, unfair competition, or unfair methods relating to the use of the name "Smith Roofing" in commerce; (2) using confusingly similar marks to those used by Plaintiff; and (3) operating certain specific domain names or other domain names that infringed with, or were confusingly similar to, Plaintiff's trademarks. Dkt. 13. The Judgment also ordered Defendants to file a certificate of amendment with the Idaho Secretary of State, changing Defendants' business name to a name that did not infringe with, and was not confusingly similar to, Plaintiff's trademarks. *Id*.

Defendants failed to comply with any portion of the Judgment. As such, on October 17, 2024, Plaintiff filed a Motion to Enforce Judgment. Dkt. 14. When Defendants—once again—failed to respond to Plaintiff's filing, the Court granted Plaintiff's Motion to Enforce Judgment. Dkt. 17. Pursuant to Federal Rule of Civil Procedure 70(a) and Idaho Code Section 30-25-203, the Court appointed Plaintiff's counsel as an agent for Defendants with the authority to, among other things, cause a certificate of amendment to be filed with the Idaho Secretary of State changing Defendants' name to a name that did not infringe with, and was not confusingly similar to, Plaintiff's trademarks. *Id*. at 5.

In addition, the Court held Plaintiff had made a prima facie case of contempt and ordered Defendants to appear and show cause why they should not be held in contempt for

MEMORANDUM DECISION AND ORDER - 2

failing to comply with the Judgment. *Id*. at 6. The Court specifically warned Defendants they would be held in contempt and sanctioned if they failed to either appear, or to establish cause for their noncompliance, at the Show Cause Hearing. *Id*.

Defendants did not appear at the Show Cause Hearing. Dkt. 20. The Court accordingly directed Plaintiff to file an affidavit or motion outlining the specific amount of sanctions sought. Dkt. 21. On March 22, 2025, Plaintiff filed the instant Motion for Sanctions. Dkt. 22. As noted, Defendants failed to respond.

### III. LEGAL STANDARD

As a power "necessary to the exercise of all others," courts have the inherent authority to hold parties in civil contempt. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831 (1994). A party may be held in civil contempt if it fails to take all reasonable steps within its power to comply with a specific and definite judicial order. 18 U.S.C. § 401(3) ("A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command."); *Stone v. City & Cnty. of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992) (explaining a district court "has wide latitude in determining whether there has been a contemptuous defiance of its order[s]"). "Intent is not an issue in civil contempt proceedings. The sole question is whether a party complied with the district court's order." *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983).

The party alleging civil contempt bears the initial burden of establishing by clear and convincing evidence that the opposing party violated a specific and definite order of

the court. *Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 466 (9th Cir. 1989); *In re Dual-Deck Video Cassette Record Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). The burden then shifts to the alleged contemnors to produce evidence to explain their noncompliance. *Donovan*, 716 F.2d at 1240. The alleged contemnors must show that they took every reasonable step to comply. *Sekaquaptewa v. MacDonald*, 544 F.2d 396, 406 (9th Cir. 1976). A contemnor's good faith in attempting to comply with the order is immaterial. *Stone*, 968 F.2d at 856–67.

Once contempt has been established, a court may impose sanctions to coerce compliance with a court order, or to compensate the party pursuing the contempt action for losses sustained because of the contemptuous behavior, or both. *United States v. United Mine Workers*, 330 U.S. 258, 303 (1947).

## IV. ANALYSIS

As the Court explained in its Order Enforcing Judgment and Setting Show Cause Hearing (Dkt. 17), Plaintiff made a prima facie case of contempt because Defendants failed to comply with any portion of the Judgment and presented no evidence to suggest they were incapable of doing so. Dkt. 17, at 5. The Court thus specifically warned Defendants that they would be held in contempt and sanctioned if they failed to appear and establish cause for their noncompliance at the Show Cause Hearing. *Id*. at 6. The Defendants failed to appear at the Show Cause Hearing and have not even suggested, let alone provided evidence to establish, they took *any* reasonable steps to comply with the Judgment.

Plaintiff has thus shown by clear and convincing evidence that Defendants violated the injunctive terms of the Judgment by persisting in using a name confusingly similar to

MEMORANDUM DECISION AND ORDER - 4

Plaintiff's trademarked name of Smith Roofing and Siding, L.L.C, continuing to utilize marks that are confusingly similar to Plaintiff's mark, and carrying on operating the domain names www.smithroofs.com, www.smithroofs.net, and www.smithroofingid.com. Thus, Plaintiff has satisfied its burden for a finding of civil contempt. Defendants conceded their violation by failing to appear at the Show Cause Hearing, and are accordingly held in contempt for failing to comply with the terms of the Judgment.

Plaintiff seeks sanctions to compensate it for the costs and fees incurred in bringing its Motion to Enforce Judgment. The Ninth Circuit has held a successful moving party may recover attorneys' fees and costs incurred in bringing and prosecuting contempt proceedings. *Inst. Of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 958 (9th Cir. 2014); *In re Dyer*, 322 F.3d 1178, 1182 (9th Cir. 2003) ("[A]ttorney's fees are an appropriate component of a civil contempt award.").

Once a party has established that it is entitled to an award of attorneys' fees, "[i]t remains for the district court to determine what fee is 'reasonable.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). As the Court has previously explained, courts within the Ninth Circuit apply the "lodestar" approach to determine appropriate fee awards. *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1158 (9th Cir. 2018). The loadstar amount is calculated by multiplying "the number of hours reasonably expended on the litigation by a reasonable hourly rate."[1] *Id*. at 1160 (cleaned up). "The party seeking fees bears the burden of

---

[1] While a court may adjust the lodestar figure based on a number of additional factors not subsumed in the initial lodestar calculation, *Kerr v. Screen Extras Guild, Inc*., 526 F.2d 67, 70 (9th Cir. 1975), Plaintiff does not seek an adjustment to the lodestar calculation, and the Court accordingly does not address such factors here.

MEMORANDUM DECISION AND ORDER - 5

documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed." *Welch v. Metro Life Ins., Co.*, 480 F.3d 942, 945–6 (9th Cir. 2007) (citing *Hensley*, 461 U.S. at 433).

In conjunction with its Motion to Enforce, Plaintiff submitted detailed time records for the time its attorney and paralegal spent on this matter since the Judgment was entered on March 26, 2024. Dkt. 22-1. While the Court finds the hourly rates Plaintiff requests, and the amount of time spent on this matter since Judgment was entered, are both reasonable, four of Plaintiff's time entries are duplicative of fees the Court awarded Plaintiff in the Judgment. Specifically, the Court has already awarded Plaintiff fees associated with its attorney and paralegal's time entries on November 1, 2023, January 2, 2024, January 16, 2024, and January 17, 2024. *Compare* Dkt. 11-2, at 4 *with* Dkt. 22-1, at 5–6; *see also* Dkt. 12, at 21 (awarding fees for 20.9 hours attorney time, and 8.1 hours of paralegal time, including for the attorney and paralegal time entries on the aforementioned dates). The Court accordingly adjusts Plaintiff's requested fee award of $10,350.00 downward by $3,000.00, to account for the 3.2 hours in paralegal time, and 7.2 hours of attorney time, Plaintiff seeks for November 1, 2023—January 17, 2024, which were already awarded in the Judgment. Dkt. 13.

In sum, the Court awards Plaintiff $7,350 in attorneys' fees, and $333.67 in costs, as a compensatory sanction for Defendants' failure to comply with the terms of the Judgment.

## V. CONCLUSION

Defendants have failed to comply with the Judgment, failed to establish any reason

MEMORANDUM DECISION AND ORDER - 6

for their noncompliance, and failed to appear at the Show Cause Hearing. Defendants are accordingly held in civil contempt and sanctioned in the total amount of $7,683.67.

## VI. ORDER

**IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Sanctions (Dkt. 22) is **GRANTED**.

2. Defendants are held in contempt for failing to comply with the Judgment (Dkt. 17).

3. As sanctions, Plaintiff is entitled to recover jointly and severally against the Defendants reasonable attorneys' fees of $7,350.00, and costs of $333.67, for a total of $7,683.67, incurred in attempting to enforce the Judgment, preparing the Motion to Enforce Judgment (Dkt. 14) and Motion for Sanctions (Dkt. 22), and attending the Show Cause Hearing. Said amount is in addition to all amounts Defendants were ordered to pay in the Judgment (Dkt. 13).

4. Nothing herein relieves Defendants from their ongoing obligations to comply with all terms contained in the Judgment.

DATED: May 6, 2025

_____
David C. Nye
Chief U.S. District Court Judge